# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**CLUB PROPERTIES, INC.**                                                                 **PLAINTIFF**


**v.**                             **CASE NO. 4:07-CV-00550 GTE**


**CITY OF SHERWOOD, ARKANSAS;**
**MAYOR BILL HARMON, in his official and**
**individual capacities; BECKI VASSAR, CHARLIE**
**HARMON, LEX DAVIS, DAVID HENRY, SHEILA**
**SULCER, MARINA BROOKS, KEITH RANKIN**
**and DR. STEVE FENDER, in their official capacities**
**as members of the Sherwood City Council and in their**
**individual capacities; RON CAMPBELL; and**
**ROY MARPLE**                                                                 **DEFENDANTS**

## ORDER

Presently before the Court is Plaintiff's Motion for Partial Summary Judgment.

## I.      BACKGROUND

Club Properties, Inc. ("Club") is the owner of record of the North Hills Country Club (the

"subject property") located in Pulaski County, Arkansas.  Club has been the owner of record of

the subject property since the 1980s and has operated it as a private country club.  The subject

property has been situated within the corporate limits of the City of Sherwood since the City's

incorporation on January 2, 1948.  Since their adoption in the late 1970's or early 1980's, the

City's current Zoning Regulations (the "Zoning Regulations") and the City's Rules and

Regulations governing the control of development and subdivision of land (the Subdivision

Rules and Regulations") have applied to the subject property.

The Subdivision Rules and Regulations state in relevant part as follows:

1

1.      <u>Purpose</u>
                These rules and regulations are intended to serve the following
purposes.
                        A.      To secure equitable handling of all subdivision
                                plans by providing uniform procedures and
                                standards for observance both by subdividers and
                                the Commission.
                                        * * *
2.      <u>Authority</u>

                                        * * *
The Sherwood Planning Commission shall exercise the power and authority to
review, approve and dis-approve plats for subdivisions and improvements in
accordance with these regulations.

It is undisputed that the Subdivision Rules and Regulations provides that the regulations apply to

all lands within the City and its planning jurisdiction.  The Subdivision Rules and Regulations

were adopted by Ordinance Number 445 and can only be amended by an ordinance duly adopted

by the Sherwood City Council.  The current City Zoning Regulations were adopted by Ordinance

Number 729 and may only be amended by an ordinance duly adopted by the Sherwood City

Council.

        Defendant Bill Harmon is the duly appointed and acting Interim Mayor of the City of

Sherwood and Defendants Becki Vassar, Charlie Harmon, Lex Davis, David Henry, Sheila

Sulcer, Marina Brooks, Keith Rankin and Dr. Steve Fender are the duly elected members of the

Sherwood City Council (the "Sherwood Defendants").  Defendants Ron Campbell and Roy

Marple are the alleged buyers of the subject property.

        Plaintiff alleges that in early 2007, the stockholders and directors of Club made the

decision to close North Hills Country Club and to sell the subject property to any interested party.

Plaintiff also alleges that on or about February 26, 2007, the stockholders and directors and their

respective spouses, acting for an on behalf of Club, entered into a written Offer and Acceptance

with Defendants Campbell and Marple for the sale of the subject property for $5,100,000.00 (the "real estate sales contract"), which was conditioned upon the Buyers' ability to obtain financing. Plaintiff further alleges that on or about March 13, 2007, the Buyers removed, in writing, the financing condition from the real estate sales contract. Plaintiff states that on April 19, 2007, the real estate sales contract was amended to set a closing date of April 27, 2007, unless further extended.

Defendant City of Sherwood generally states that it needs to conduct discovery regarding the circumstances of the real estate contract. It asserts that the real estate sales contract contains a condition that requires that Club convey title to the buyers "free and clear of all liens and encumbrances except as stated herein and all restrictions of record if any," but that the subject property is subject to a significant deed restriction that restricts the use of the property to single family dwellings and light commercial. The City also asserts that due to a January 2007 deed conveying certain real property located at the northeast corner of Shackleford and Colonel Glenn Road (the "Shackleford property"), it has reason to believe that Mr. Campbell and Mr. Marple did not own the Shackleford property, which was described in the real estate sales contract at issue as a part of the consideration to be paid by Campbell and Marple.

It is undisputed that soon after its execution by the parties, the existence of the real estate sales contract became public knowledge. Indeed, the agreement became the subject of several newspaper articles and television news reports in which Club's intention to cease the golf course operations of North Hills Country Club and the Buyers' intentions for the development of the subject real property were published. The prospect of closing the North Hills Country Club and

the sale of the subject property to developers caused the Defendants to begin publicly discussing the subject property.

The City held a regular city council meeting on April 23, 2007.  At that meeting, Resolution No. 10-2007 entitled "A Resolution to Declare a Moratorium for A Period of Six Months To Stop the Issuance Of Permits Or Acceptance of Rezoning Applications Or Plats For The Area Of North Hills Country Club And for Other Purposes (the "Moratorium Resolution") was brought forward for a vote.  The Moratorium Resolution was not on the published agenda for the meeting and was filed late.  Following a brief discussion, which included remarks by Campbell objecting to the adoption of the Moratorium Resolution, and which included the statement of the City's rationale for the moratorium (that it would allow time for the City to make a decision on its possible acquisition of the subject property), the Moratorium Resolution was adopted by unanimous vote.  The moratorium resolution applies only to the subject property and no other property within the corporate limits of the City.  One or more of the Sherwood Defendants reside in houses located adjacent to, or in close proximity to, the subject property.

Defendant City of Sherwood asserts that the Moratorium Resolution was adopted in conformity with the City's procedures and according to Arkansas law.  Defendant also asserts that the public discussion could not have been unknown to the Plaintiff Club, and given the interest Club had in the alleged sale of the subject property, it is hard to imagine that these persons did not know that a moratorium was being considered.  It states that Mr. Campbell was aware of this, and that is why he was at the City Council meeting on April 23, 2007.

Defendant City of Sherwood further asserts that Plaintiff alleges that Mr. Campbell and Mr. Marple refused to close on the real estate sales contract because of the Moratorium, but that

4

Mr. Campbell stated at the City Council meeting on April 23, 2007, that he would close despite the Moratorium and that he already owned the subject property.  Defendant also asserts that it is possible that the financing for Mr. Campbell and Mr. Marple could have been denied because the appraisal did not support the $5.1 million sales price on the land.  Defendant states that the City's appraisal of the property, as encumbered by the deed restriction, is $2,215,000.00.

On May 18, 2007, Plaintiff filed its Complaint in Pulaski County Circuit Court, and it was removed to this Court on June 6, 2007.  On June 14, 2007, Plaintiff filed its Amended Complaint, adding Ron Campbell and Roy Marple as defendants.  On July 6, 2007, Plaintiff filed its Motion for Partial Summary Judgment.

Plaintiff's Motion for Partial Summary Judgment against the City of Sherwood requests entry of an Order declaring that the actions of the City of Sherwood on April 23, 2007, in the untimely filing of the Moratorium Resolution and the City Council's consideration and adoption of the Moratorium Resolution violated Plaintiff's right to procedural due process and equal protection of the laws under the Fourteenth Amendment to the United States Constitution and impaired the obligation of the real estate sales contract under Article 1 § 10 cl. 1 of the United States Constitution and Article 2 § 17 of the Arkansas Constitution.

Plaintiff also requests that the Court declare that the Moratorium Resolution is void and of no force and effect.  However, since the filing of Plaintiff's motion, the moratorium has expired by its own terms.  Therefore, the Court will take no action on Plaintiff's request that the Moratorium Resolution be declared void and of no force and effect.

II.     **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when, in reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, so that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986).

The Eighth Circuit set out the burdens of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the party moving for summary judgment is only to demonstrate, i.e., '[to] point[] out to the District Court,'that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.

*Id*. at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988)) (citations omitted)(brackets in original).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 323 (1986).  However, the moving party is not required to support its

motion with affidavits or other similar materials negating the opponent's claim.  *Id*.

Once the moving party demonstrates that the record does not disclose a genuine dispute

on a material fact, the non-moving party may not rest upon the mere allegations or denials of his

pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth

specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e).  The plain

language of Rule 56(c) mandates the entry of summary judgment against a non-moving party

which, after adequate time for discovery, fails to make a showing sufficient to establish the

existence of an element essential to its case, and on which that party will bear the burden of proof

at trial.  *Celotex Corp.*, 477 U.S. at 322.

## III.    MOTION FOR PARTIAL SUMMARY JUDGMENT

### A.    Procedural Due Process

Plaintiff's motion requests entry of an Order declaring that the actions of the City of

Sherwood on April 23, 2007, in the untimely filing of the Moratorium Resolution and the City

Council's consideration and adoption of the Moratorium Resolution violated Plaintiff's right to

procedural due process under the Fourteenth Amendment to the United States Constitution.

Plaintiff argues that when the City adopted the Moratorium Resolution, it deprived Club of its

right to access to established procedures for the subdivision and rezoning of any portion of the

subject property for a period of six months.[1]  Plaintiff cites *Littlefield v. City of Afton*, 785 F.2d

---

[1]Defendant agues that Club's due process claim is not ripe because it has not applied for or been denied any application for building permits, subdivision approval, or rezoning. However, Defendant has not adequately briefed this issue.  Furthermore, Plaintiff argues that through the Moratorium Resolution, the City has stated its clear and unequivocal position that with regard to the subject property, no rezoning or plats will be accepted.  Therefore, the Court

596, 600 (8th Cir. 1986) (overruled on other grounds), which states, "[A]n applicant for a building permit has a constitutionally protected property interest in the permit, which is conditioned only by compliance with ordinances."

In order to have a valid procedural due process claim, Club must establish that: (1) the City deprived it of a constitutionally protected property interest, and (2) it has a right to a predeprivation hearing regarding the City's action.  *Id.* at 600.  Defendant argues that *Littlefield* is distinguishable because the applicant in *Littlefield* had proceeded through the entire subdivision process, and his plat was approved.  *Id*. at 598.  Defendant also cites *Scott v. City of Sioux City, Iowa*, 736 F.2d 1207, 1217 (8th Cir. 1984), where the court stated:

> Application for a building permit at a time when commercial development was permissible under the applicable ordinances might also have created a claim of entitlement sufficient to trigger due process guarantees. *See Scott v. Greenville County,* 716 F.2d 1409, 1418 (4th Cir.1982) (applying South Carolina law). Here, however, appellants do not allege they had applied for any building permits or made any appreciable expenditures before the interim ordinance was passed. Without a legitimate claim of entitlement, the appellants' procedural due process claim fails.

Defendant argues that there are material fact questions as to whether Plaintiff has a protected property interest in building or zoning permits because Plaintiff has failed to apply for such permits and has failed to demonstrate that it has made expenditures in preparation for such applications.  Additionally, Defendant states that Plaintiff alleges that it entered into a binding executory contract for the sale of the property, and therefore, there are questions of fact as to the extent of Club's property interest and Club may lack standing to apply for City approval of zoning, subdivision or building on the subject property.

---

will not address this issue at this time.

Defendant also argues that because a party is only afforded the right to due process if that party has been deprived of a constitutionally protected property interest, and questions of fact remain on that issue, summary judgment is not appropriate.  Defendant further argues that there are questions of fact as to whether Club did in fact have notice and an opportunity to be heard, what Club property interest, if any, was affected by the moratorium, and whether the City actually deprived Club of any such alleged property interest by passing the moratorium.

Defendant states that the resolution was temporary in nature, as it expressly stated that it was only in effect for six months beginning April 24, 2007, and therefore, did not prevent Club from developing the property in the future, did not deny Club the complete use of property during that time, and did not deny Club the right to sell the property.  Defendant also states that the moratorium issued was in the form of a resolution, and not an ordinance.  Under Arkansas law, "[a]n ordinance is distinctly a legislative act; a resolution, generally speaking, is simply an expression of opinion or mind concerning some particular item of business coming within the legislative body's official cognizance ordinarily ministerial in character and relating to the administrative business of the municipality."  *Kruzich v. West Memphis Utility Commission*, 257 Ark. 187, 191, 515 S.W.2d 71, 73 (1974).  Defendant further states that the City followed its established procedures required by law in enacting the moratorium, as they unanimously suspended the rules to allow for the consideration of the resolution, read the resolution into the record, and openly discussed it before members of the public.  Defendant states that it believed it had provided notice to the true beneficial owner, as Mr. Campbell represented that he was the owner of the property at the meeting, and the fact that Mr. Campbell had notice of the meeting and was heard raises questions of fact as to whether Plaintiff's principals had notice.  Finally,

9

Defendant argues that Club has adequate postdeprivation remedies, *i.e.* an inverse condemnation claim in state court.

The Court agrees that material questions of fact exist which preclude summary judgment on Plaintiff's procedural due process claim.  Therefore, summary judgment is denied.

### B.    Equal Protection

Plaintiff's motion requests entry of an Order declaring that the actions of the City of Sherwood on April 23, 2007, violated Plaintiff's right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution.  "When the distinctive treatment at issue does not involve a fundamental right or suspect classification, governmental decisions are presumptively constitutional and need only to 'be rationally related to a legitimate state interest.'" *Christopher Lake Development Co. v. St. Louis County*, 35 F.3d 1269, 1274 (8th Cir. 1994).

Additionally, Defendant asserts that the Plaintiff must show that it is "similarly situated to another group for purposes of the challenged government action." *Hawkeye Commodity Promotions, Inc. v. Vilsack*, 486 F.3d 430, 442-43 (8th Cir. 2007).  Defendant contends that there are no other property owners within the City who are "similarly situated."  It states that Club owned 105 acres that is currently, and could remain, a golf course and that the property is a historic green space in the heart of the City.  As such, Club's land, and the sale of that land, is unique to the City, and the preservation of this large tract of green space constitutes a significant City issue.  The Court agrees that there are issues of fact as to whether Plaintiff is similarly situated to another group for purposes of the equal protection claim.  Additionally, the Court agrees that there are questions of fact as to whether the City's action had a rational basis for its

10

action.  Therefore, summary judgment is denied.

### C.    Impairment of the Real Estate Contract

Plaintiff's motion requests entry of an Order declaring that the actions of the City of Sherwood on April 23, 2007, impaired the obligation of the real estate sales contract under Article 1 § 10 cl. 1 of the United States Constitution and Article 2 § 17 of the Arkansas Constitution.  "A three-part test determines whether a statute violates the Contracts Clause." *Hawkeye*, 486 F.3d at 436.  "The first question is whether the state law has, in fact, operated as a substantial impairment on pre-existing contractual relationships."  *Id.*  "This question 'has three components: whether there is a contractual relationship, whether a change in law impairs that contractual relationship, and whether the impairment is substantial.'"  *Id.*

Defendant argues that there are questions of fact as to whether a bona fide contractual relationship exists.  Additionally, Defendant argues that the City could not impair a contract that was offered to the City by one of the contracting parties (noting their contention that Mr. Campbell indicated that he would sell the property to the City for no more than his own purchase price).  Further, Defendant states that the document in question appears to have two substantial conditions: (1) the buyers' ability to obtain financing and (2) the ability of Plaintiff to convey title free of liens, encumbrances and restrictions.  In sum, Defendant argues that there are questions of fact as to whether these conditions were met or removed.

Defendant states that if Mr. Campbell and Mr. Marple admit in these proceedings that the contract exists and is enforceable, then there is a fact question.  However, if Mr. Campbell and Mr. Marple may void the contract, then Defendant would argue that the impairment claim fails because there is no binding contractual relationship.  Defendant argues that the contract is not

11

conditioned upon the ability of Mr. Campbell and Mr. Marple to obtain rezoning or a subdivision permit from the City, and that there is a question of fact about the exchange property offered by Mr. Campbell and Mr. Marple as part of their consideration.  Furthermore, Defendant argues that Plaintiff cannot establish that the claimed impairment is substantial, as the moratorium was temporary.  It is clear that material questions of fact exist regarding Plaintiff's contract impairment claim that preclude summary judgment.

Accordingly,

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Partial Summary Judgment (Docket No. 22) be, and it is hereby, DENIED.

IT IS SO ORDERED THIS 17th day of December, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE