UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CLUB PROPERTIES, INC.**                                                                 **PLAINTIFF**

v.                        **CASE NO. 4:07-CV-00550 GTE**

**CITY OF SHERWOOD, ARKANSAS;
MAYOR BILL HARMON, in his official and
individual capacities; BECKI VASSAR, CHARLIE
HARMON, LEX DAVIS, DAVID HENRY, SHEILA
SULCER, MARINA BROOKS, KEITH RANKIN
and DR. STEVE FENDER, in their official capacities
as members of the Sherwood City Council and in their
individual capacities; RON CAMPBELL; and
ROY MARPLE**                                                    **DEFENDANTS**

## ORDER

On January 29, 2008, the parties, incident to the taking of depositions, requested a ruling from the Court on the issue of attorney-client privilege with regard to certain communications between an attorney and his clients in two separate scenarios.

**I.     Facts Applicable to this Discovery Dispute**

The two communications at issue are as follows: (1) On January 14, 2008, Mayor Hillman, Michael Clayton, the City Engineer, Steve Cobb, and attorney David Fuqua met to discuss the pending litigation and the issues related to it (the "First Meeting").  (2) On January 24, 2008, the members of the Sherwood City Council, Mayor Hillman, other non-elected City officials, and several members of the public who are not city officials met to discuss the pending lawsuit (the "Second Meeting").  Notice was given to the press regarding the Second Meeting because two or more Council members were in attendance.  Attorney David Fuqua spoke at the

Second Meeting regarding the issues of this case and answered questions from the Council members about the case.

## II.     Applicable Law

Fed. R. Evid. 501 provides:

[T]he privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principals of the common law . . . .  However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Ark. R. Evid. 502(a)(5), (b) and (d)(6) provides:

(a) . . . (5) A communication is "confidential" if not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication.

(b) General Rule of Privilege.  A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (1) between himself or his representative and his lawyer or his lawyer's representative, (2) between his lawyer and the lawyer's representative, (3) by him or his representative or his lawyer or a representative of the lawyer to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein, (4) between representatives of the client or between the client and a representative of the client, or (5) among lawyers and their representatives representing the same client.
. . .
(d) Exceptions. There is no privilege under this rule:
. . .
(6) Public Officer or Agency.  As to a communication between a public officer or agency and its lawyers unless the communication concerns a pending investigation, claim, or action and the court determines that disclosure will seriously impair the ability of the public officer or agency to process the claim or conduct a pending investigation, litigation, or proceeding in the public interest.

"The attorney-client privilege only applies to confidential communications, not to those uttered in public or intended for disclosure to others or in fact disclosed by the client to others." *Shankle v. State*, 309 Ark. 40, 47, 827 S.W.2d 642, 646 (1992) (where client talked to his attorney on a jail telephone that he knew was monitored and recorded). In *City of Fayetteville v. Edmark*, 304 Ark. 179, 186, 801 S.W.2d 275, 279 (1990), the Arkansas Supreme Court held that memoranda prepared by outside counsel for the city in connection with possible litigation over the issuance of bonds were public records within the meaning of the Freedom of Information Act.

### III.    Arguments and Conclusion

Plaintiff and Defendants Campbell and Marple argue that the communications at the Second Meeting was not privileged because third parties were present. The City Defendants argue that *Shankle* is distinguishable because it did not consider a claim of privilege by a public official, and here, the meeting had to be held in public because of the Freedom of Information Act. Thus, the disclosure was both made in furtherance of professional legal services and was reasonably necessary, and by the only means possible, for the transmission of the communication. The City Defendants concede that there is no privilege in written communication between the lawyer and the public client. The City Defendants further argue that the communications fall under Rule 502(d)(6), as there is a pending action, disclosure would impair the ability of the City to conduct the litigation, and the preservation of the privilege is in the public interest.

The Court finds that the attorney-client privilege applies with regard to the communications in the First Meeting, but not the Second Meeting. The Court notes that Plaintiff and Defendants Campbell and Marple fail to address the application of the attorney-client

privilege as to the First Meeting.  Furthermore, it appears that those at the First Meeting were in attendance in their capacities as City Officials to assist in the litigation as representatives of the City.  Thus, the attorney-client privilege applies as to the First Meeting.

As to the Second Meeting, the City Defendants fail to cite any precedent in support of their contention that the privilege applies to communications between the lawyer and the public client, even though the communications were made at a public meeting with non-parties present. The Court finds that the communications at the Second Meeting are analogous to the communications in *Edmark*, 304 Ark. at 186.  Additionally, the Court questions whether the communications could be considered confidential when it is clear that no party intended the communication to remain undisclosed.  Furthermore, even assuming that the communications could be considered "confidential," a requirement of attorney-client privilege, the Court cannot find that the disclosure will seriously impair the ability of the public officer or agency to conduct the litigation in the public interest. Therefore, the attorney-client privilege does not apply in the context of the Second Meeting.

IT IS SO ORDERED THIS 30th day of January, 2008.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE