UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CLUB PROPERTIES, INC.; JAMES W.
RODGERS AND BETTY RODGERS, husband
and wife, individually and as Trustees of Jim and
Betty Rodgers Joint Revocable Trust                          PLAINTIFFS

v.                        CASE NO. 4:07-CV-00550 GTE

CITY OF SHERWOOD, ARKANSAS;
MAYOR BILL HARMON, in his official and
individual capacities; MAYOR VIRGINIA HILLMAN,
in her official capacity; BECKI VASSAR, CHARLIE
HARMON, LEX DAVIS, DAVID HENRY, SHEILA
SULCER, MARINA BROOKS, KEITH RANKIN
and DR. STEVE FENDER, in their official capacities
as members of the Sherwood City Council and in their
individual capacities; RON CAMPBELL and
ROY MARPLE; and FREDDIE HUDSON, WAYNE
SMITH, FORREST PENNY, RAY HARRISON, and
LUCIEN GILLHAM, in their official capacities as members
of the Sherwood Planning Commission                         DEFENDANTS

**ORDER**

Before the Court are the following motions which are ripe for resolution:[1]

(1)      Joint Motion for Order of Dismissal, filed by James W. Rodgers, Betty Rodgers, and Club Properties, Inc. (collectively, Plaintiffs) on August 21, 2008;[2]

---

[1] A fourth motion, a Motion to Dismiss Portions of Third Amended Complaint filed by the City of Sherwood Defendants, Doc. No. 86, is moot as a result of the recently filed Consent Order of Dismissal with Prejudice.

[2] Doc. No. 119.

1

(2)     Motion to Strike Joint Motion for Order of Dismissal, filed by Ron Campbell and Roy Marple (collectively, "Buyer Defendants") on August 25, 2008;[3] and

(3)     Motion to Amend/Correct Answer the Third Amended Complaint and Cross-Claim, filed by Buyer Defendants on August 25, 2008.[4]

For the reasons discussed below, the Court concludes that Plaintiffs should be able to dismiss their remaining claim against the Buyer Defendants and that the Buyer Defendants should be denied leave to amend their Cross-Claim to add an independent cause of action for the first time. As a result of these rulings, there are no claims pending in this action and the case may be closed.

## BACKGROUND

This case was filed in federal court on June 6, 2007, when the Defendants removed the action from state court based on federal question subject matter jurisdiction. The case arises out of a dispute primarily between the Plaintiffs and the Sherwood Defendants. Plaintiffs are owners of approximately 105 acres in Sherwood, Arkansas, commonly known as North Hills Country Club (the "Club Property") in Sherwood, Arkansas. The Sherwood Defendants include the City of Sherwood ("City"), the Mayor, members of the City Council, and members of the City Planning Commission. The Buyer Defendants are Ron Campbell and Roy Marple, who signed a contract to purchase the Club Property from Plaintiffs.

Before the Plaintiffs and the Buyer Defendants closed on their real estate contract, the City of Sherwood imposed a development moratorium on the Club Property. Plaintiffs brought

---

[3] Doc. No 121.

[4] Doc. No. 123.

this action. Plaintiffs alleged that the passage of the moratorium effected a "taking" of their property in violation of Arkansas and federal law. Plaintiffs theorized that the City passed the moratorium for the express purpose of derailing the sale of the Club Property, to prevent the consummated sale from establishing the fair market value of the property, and in furtherance of its plan to acquire the property by condemnation at an artificially low price.

Plaintiff's Third Amended Complaint contains seven causes of action. The Buyer Defendants are named in only one cause of action, for specific performance. In response, the Buyer Defendants asserted a Cross-Claim against the Plaintiffs. That Cross-Claim states:

> In the event that Plaintiff prevails on its asserted claim against Separate Defendants Ron Campbell and Roy Marple, as set forth in Count VI of the Second Amended Complaint, Separate Defendants Ron Campbell and Roy Marple hereby, **by virtue of the claims asserted by the Plaintiff**, assert a cross-claim against the remaining Defendants for all damages or liability assessed against Separate Defendants Ron Campbell and Roy Marple.[5]

This is the only claim asserted by the Buyer Defendants in this action.

This case was scheduled for a bench trial to commence on April 21, 2008. On April 9, 2008, following a telephone conference with attorneys representing all parties, the Court entered an Order staying the case pending resolution of pending state court condemnation proceedings between the City of Sherwood and Plaintiffs.[6] During the telephone conference it was established that completion of the condemnation proceedings would likely moot Plaintiffs' claim for an unlawful taking against the City and its claim for specific performance against the Buyer

---

[5] Doc. No. 64 at ¶ 25 (emphasis added). The Cross-Claim is asserted in one paragraph at the conclusion of the Buyer Defendants' Answer to Second Amended Complaint and Cross-Claim. The Buyer Defendants failed to include this Cross-Claim in their Answer to Third Amended Complaint. *See* Doc. No. 91.

[6] Order, Doc. No. 110.

Defendants. It was further acknowledged, however, that Plaintiffs might wish to return to federal court to pursue a claim for damages based on alleged violations of federal law and the tort of intentional interference. During the telephone conference, counsel for the Buyer Defendants argued that since specific performance was the only remedy Plaintiffs sought against the Buyer Defendants, Plaintiffs would not be able to return to federal court to seek an award of damages against the Buyer Defendants.

Thus, at the time this action was stayed, it appeared to the Court that the specific performance claim against the Buyer Defendants would become moot upon completion of the condemnation proceedings and that any further litigation in this action would occur solely between Plaintiffs and the Sherwood Defendants. The arguments put forth by counsel for the Buyer Defendants supported this view. The Buyer Defendants gave no notice at that time that they had any intent of pursuing an independent cause of action.

## DISCUSSION

The Court recently entered a Consent Order of Dismissal with Prejudice,[7] stating that the Plaintiffs and the City of Sherwood Defendants, which includes all Defendants other than the Buyer Defendants, have "reached a settlement of all claims of the above-referenced matter." The Consent Order specifically states that no settlement has been reached with Separate Defendants Ron Campbell and Roy Maple, and that "any and all claims against those defendants are not dismissed hereby."[8]

---

[7] Doc. No. 141, filed September 2, 2008.

[8] *Id.*, at p. 2.

Now pending before the Court is a Joint Motion for Order of Dismissal Without Prejudice, filed by Plaintiffs and the Sherwood Defendants. Therein, Plaintiffs seek a dismissal without prejudice of their claims against the Buyer Defendants asserted in the Third Amended Complaint. Plaintiffs and the Sherwood Defendants also point out that such dismissal would necessarily moot the Cross-Claim asserted by the Buyer Defendants against the Sherwood Defendants, which is the only claim asserted by the Buyer Defendants in this action. The movants are correct in stating that the Buyer Defendants' Cross-claim is derivative of the Plaintiffs' claim, and as a result, is moot if Plaintiffs are permitted to dismiss their claim against the Buyer Defendants.

Also pending is the Buyer Defendants' Motion to Strike the Joint Motion for Dismissal without Prejudice. For cause, the Buyer Defendants state that the motion improperly discusses settlement negotiations between the parties in violation of Fed. R. Evid. 408. The Buyer Defendants complain that they are being "cast in a bad light" by such discussion.

Plaintiffs and the Sherwood Defendants, in their joint motion, explain that the Sherwood Defendants have negotiated, but not yet finalized, a settlement of this case <u>and</u> the state court condemnation case. They further explain that while the original terms of the settlement called for an Agreed Order of Dismissal as to all parties, the Buyer Defendants have "refused to approve of or participate in the Settlement which position they have maintained despite negotiations to resolve the matter."[9] In the Court's view, the information regarding settlement discussions is offered as background information to explain why Plaintiffs and the Sherwood Defendant have joined together in filing the motion and the importance of clarifying that the Plaintiffs' dismissal

---

[9] Doc. No. 119 at ¶ 4.

of its one claim against the Buyer Defendants will moot the Buyer Defendants' Cross-Claim against the Sherwood Defendants. In any event, the Court concludes that the settlement information is not offered for a purpose prohibited by Fed. R. Evid. 408.[10] Accordingly, the Buyer Defendants' Motion to Strike is denied.

Simultaneously with the filing of their Motion to Strike, the Buyer Defendants filed a Motion for Leave to Amend their Answer to the Third Amended Complaint to pursue an independent cause of action against the Sherwood Defendants. That motion is pending. If granted, this action will continue but only between the Buyer Defendants and the Sherwood Defendants.

The Buyer Defendants argue that there is no delay prejudicial to the parties because this action is presently stayed and no trial date has been scheduled. This argument ignores the posture of this case when it was stayed <u>only twelve days prior to trial</u>. It also ignores the position taken by the Buyer Defendants throughout this action. The Buyer Defendants moved for summary judgment based solely on Plaintiffs' specific performance claim. The Court denied the motion, but had it been granted, the Buyer Defendants would have been dismissed as a party to this action. In their Trial Brief, the Buyer Defendants claimed that they were "caught in the middle of a dispute between Plaintiffs and the City."[11] Until now, the Buyer Defendants have never indicated any intent or desire to pursue an independent cause of action.

---

[10] The rule prohibits the exclusion of offers of settlement when such is "offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction." Fed. R. Evid. 408(a).

[11] Doc. No. 104 at p. 4.

Although it is well settled that leave to amend should "be freely given when justice so requires," Fed.R.Civ.P. 15(a), permission to amend may be withheld if the plaintiff does not have at least colorable grounds for relief, or if she is guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly prejudice the opposing party. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).  There is no absolute or automatic right to amend.  *Thompson-El v. Jones,* 876 F.2d 66, 67 (8th Cir.1989).

The Buyer Defendants are guilty of undue delay.  The Buyer Defendants offer no explanation for their decision to wait until now to assert a direct action against the Sherwood Defendants.  It appears unlikely that this decision was the result of oversight or excusable neglect.  Rather, it appears that the Buyer Defendants consciously elected to sit on the sidelines and now, for reasons known only to the Buyer Defendants, have decided to launch an offensive attack on the Sherwood Defendants.  The Buyer Defendants argue that there is no delay prejudicial to the parties because this action is presently stayed and no trial date has been scheduled.

This argument misses the point.  With the resolution of all claims between Plaintiffs and the Sherwood Defendants and the dismissal of Plaintiffs' cause of action against the Buyer Defendants, this action is resolved.  It will not be reopened, but will be terminated.  At the time this action was closed, this Court and the Sherwood Defendants had no reason to contemplate that this case would be reopened for the Buyer Defendants to pursue independent claims against the Sherwood Defendants.  The facts giving rise to the Buyer Defendants' proposed claims occurred long ago and were relied upon by Plaintiffs in filing similar claims against the Sherwood Defendants, claims of which the Buyer Defendants were obviously aware as co-defendants in this

case. The Buyer Defendants' unexplained delay is inexcusable. Their request for leave to amend their Cross-Claim in this action will be denied.[12]

## CONCLUSION

For the reasons herein stated,

IT IS HEREBY ORDERED THAT the Joint Motion for Order of Dismissal Without Prejudice (**Doc. No. 119**) be, and it is hereby, GRANTED. Plaintiffs' claim for specific performance against Defendants Ron Campbell and Roy Marple ("the Buyer Defendants") is hereby DISMISSED WITHOUT PREJUDICE. As a result of this dismissal, the Cross-Claim asserted by Defendants Campbell and Marple is moot.

IT IS FURTHER ORDERED THAT the Buyer Defendants' Motion to Strike the Joint Motion for Order of Dismissal (**Doc. No. 121**) be, and it is hereby, DENIED.

IT IS FURTHER ORDERED THAT the Buyer Defendants' Motion to Amend Answer to Third-Amended Complaint to add Cross-Claim (**Doc. No. 123**) be, and it is hereby, DENIED.

IT IS FURTHER ORDERED THAT the Sherwood Defendants' Motion to Dismiss (**Doc. No. 86**) be, and it is hereby, DENIED as MOOT in light of the settlement between the Sherwood Defendants and the Plaintiffs.

There being no pending unresolved claims in this action, the Clerk of the Court is directed to close the case.

IT IS SO ORDERED THIS  8th  day of September, 2008.

         /s/Garnett Thomas Eisele
         UNITED STATES DISTRICT JUDGE

---

[12] Of course, this ruling does not prevent the Buyer Defendants from attempting to bring an independent cause of action against the Sherwood Defendants.